ASA WORTHINGTON, ADMINISTRATOR OF DANIEL KELLOGG, 2D.
AND RHODA KELLOGG, ADMINISTRATRIX OF AARON KEL-
LOGG, AND LYDIA HOSMER AND ASHBEL CORNWELL, PLAIN-
TIFFS IN A WRIT OF ERROR AGAINST BROOM AND PLATT.

Where money is claimed by a person to belong to him, for which
another has got an execution, his remedy is in chancery, to de-
cree the payment, and to lay an injunction upon the execution.

To reverse a decree of the County Court in chancery, upon
the petition of said Broom and Platt brought against them; —
showing that on the 27th of August, A. D. 1774, said Aaron
Kellogg was indebted to the petitioners, the sum of £1097 18s.
1d. money of New York, and for security mortgaged to them
a tract of land of the value of £1000; at the same time said
Aaron delivered into the hands of Titus Hosmer, Esq. at-
torney to said Broom and Platt, notes in his favor against
sundry persons to the amount of £178 9s. 5d. lawful money,
indorsed to said Broom and Platt; and took from said Hosmer
a writing acknowledging the receipt of said notes; also that
the money which should be collected on them, after
deducting the cost, should be applied to said debt; that said
Hosmer had collected on said notes about £80 lawful money,
which remained in his hands at the time of his death: That
after his decease, the said Aaron Kellogg sued the said Lydia,
as administratrix on the estate of said Titus, in an action of
account for said moneys: She being ignorant of the aforesaid
transaction, and supposing the said money to belong to the
said Aaron, was advised by her counsel to let judgment go
against her for said sum of £80, which she did, and gave
her notes to said Daniel Kellogg 2d. for said sum in satis-
faction of said judgment, by the direction of the said Aaron,
and to whom the said Aaron owed nothing.

That by reason of a mortgage made of said lands to the
Messrs. Amorys, prior to theirs, they are in a great measure
defeated of that security, of all which the petitioners were
ignorant: That said Daniel Kellogg since deceased, in his
lifetime recovered judgments and executions on said two
notes against the said Lydia, which are now in the hands of
said Ashbel as an officer uncollected, amounting to the sum

of £98 16s. 2d. lawful money; that said Aaron is dead and insolvent; and the time of exhibiting said account against said Hosmer's estate is elapsed, whereby they are barred at law; and pray that said Lydia and said Ashbel be decreed to pay said moneys due on said executions to them, on account of their debt due from said Aaron; and that they said Lydia and Ashbel be discharged from all liability for the same to the heirs, executors or administrators of said Daniel and Aaron.

Plea in abatement — 1st. That said petition has not been legally served on the said Asa Worthington. 2d. That said Aaron has left heirs who have not been cited. 3d. That the petitioners have adequate remedy at law. 4th. That the facts stated do not entitle the petitioners to the relief prayed for.

The County Court found the first exception not true; and the others insufficient. And then proceeded to hear said cause upon the merits and found the facts stated in said petition to be true; and thereupon ordered and decreed that the said Lydia pay to the petitioners the sum of £88 16s. 10d. lawful money, the debt due on said execution exclusive of the cost; and that execution issue in their favor against her for the same; and laid the administrator of the said Daniel under a perpetual injunction, never to demand, sue for or prosecute the said Lydia, or said Ashbel on account of said debt.

Errors assigned — 1st. That said County Court ought to have adjudged said plea in abatement sufficient. 2d. That no decree ought to have passed in favor of the petitioners. 3d. That the whole sum in said executions is not decreed to the petitioners, yet the injunction goes to the whole.

Plea nothing erroneous — Lydia Hosmer and Ashbel Cornwell, two of the plaintiffs in error appeared in court by their attorney, and moved that they might be called and have liberty to disappear, as they did not wish to join in prosecuting said writ of error; which was allowed, and they disappeared, and said cause was prosecuted by the other plaintiffs; and upon hearing the cause this court is of opinion that there is nothing erroneous in the judgment complained of.

By the COURT. The petitioners' right to this money is clear and manifest, and an action of account would have lain against said Lydia for it; but as said Aaron had recovered a judgment against her, which she had satisfied by her notes to the said Daniel, on which he had recovered judgments and executions against her; the petitioners recovering against her at law must have been very doubtful; but had they recovered, it would have been no bar to said Daniel's executions; that ultimately resort must have been had to chancery for the proper relief. It is clear that the petition states matter sufficient for chancery to proceed upon; that the relief granted was proper; and that the injunction laid upon the administrator of said Daniel extends only to the debt in the executions, which was decreed to be paid to the petitioners.